782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MELVIN H. JOHNSON, SR., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-3888
 United States Court of Appeals, Sixth Circuit.
 12/13/85
 
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Melvin H. Johnson appealed from a judgment of the district court denying him supplemental security income benefits. The district court concluded that substantial evidence supported the administrative law judge's determination that Johnson's nonexertional psychological impairment was not severe enough to affect his residual functional capacity for sedentary work.
 
 
 2
 Appellant is a 39 year old male who filed applications for disability insurance benefits and supplemental security income benefits on August 18, 1980, alleging inability to work because of diabetes, hypertension and vision problems. The Secretary of Health and Human Services denied Johnson's application both initially and upon reconsideration. Appellant requested a hearing before an administrative law judge.
 
 
 3
 At the hearing, Johnson claimed that, in addition to the medical problems listed on his application, he also had a severe and disabling psychological impairment. To demonstrate the severity of his mental problem, Johnson offered the report of John E. Riley, Director of the Guidance Center of Psychological Services at the University of Dayton. On May 21, 1981, Riley analyzed appellant's condition by performing a battery of psychological tests. Riley administered the Wechsler Adult Intelligence Scale, the Wide Range Achievement Test, the Bennett Mechanical Comprehension Test, the Purdue Pegboard Test, the Guilford-Zimmerman Temperament Survey and the Minnesota Multiphasic Personality Inventory. In addition to revealing market deficiencies in all areas of basic skills, appellant's test scores indicated that he was experiencing a great deal of social alienation, isolation, bizarre feelings, peculiar bodily dysfunctions and general dissatisfaction. Riley's diagnoses included severe schizophrenia and severe depression. Riley further concluded that Johnson was permanently and totally disabled and recommended that he be referred to a mental health facility for his 'obvious need of extensive and continuing psychotherapy.'
 
 
 4
 In addition to Riley's 1981 psychological evaluation, the ALJ considered psychological evaluations prepared in 1976 and 1977 which analyzed Johnson's mental health as it related to his prosecution and incarceration for armed robbery. In a report dated June 8, 1976, Dr. John Liest stated that Johnson was legally sane at the time of the robbery. Based on tests administered in January of 1977, Counselor Harold R. Meng noted that Johnson was of adequate intellect, related easily, and seemed to be a mature individual. In February of 1977, Dr. B.S. Stump, a licensed clinical psychologist with the Ohio Department of Rehabilitation and Correction, consulted with Johnson and found no indications of any severe psychological disorganization at the time of the interview. However, Dr. Stump stated that '[c]linical impressions along with available materials suggest a schizoid personality, complicated by drug dependency.'
 
 
 5
 Based upon this evidence, the ALJ determined that Johnson's psychological impairment was not severe enough to interfere with his ability to engage in sedentary work. In this appeal, appellant challenged the decision below only as it related to supplemental security income benefits. Appellant contends that the ALJ's determination that his psychological impairment does not significantly limit his ability to engage in sedentary work is not supported by substantial evidence.
 
 
 6
 The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. Houston v. Secretary, 736 F.2d 365, 366 (6th Cir. 1984). The Supreme Court has defined substantial evidence as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). This court may only overturn the Secretary's findings if it determines that the ALJ's decision is not supported by substantial evidence. Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).
 
 
 7
 Appellant contends that the record is devoid of substantial evidence contradicting psychologist John E. Riley's determination that Johnson suffers from a severe psychological impairment. Appellant argues that the results of psychological tests conducted more than four years prior to his hearing do not provide an adequate basis for rejecting Riley's more recent analysis.
 
 
 8
 Upon reviewing the record in the case at bar, this court concludes that the ALJ erred in rejecting Riley's findings. The reports prepared in connection with appellant's incarceration do not sufficiently contradict Riley's diagnosis. In fact, Dr. Stump's suggestion that appellant suffered from a 'schizoid personality, complicated by drug dependency' is wholly consistent with Riley's appraisal of appellant's mental impairment.
 
 
 9
 Finding that the ALJ's conclusions are not supported by substantial evidence, the court remands the case for completion of the sequential evaluation process.